IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID BRANUM,**

                              **Petitioner,**

        **v.**                                            **CASE NO. 06-3223-RDR**

**DUKE TERRELL, et al.,**

                              **Respondents.**

**O R D E R**

Petitioner proceeds pro se on an application for writ of habeas corpus under 28 U.S.C. § 2241, seeking relief on allegations of being denied due process in a prison disciplinary hearing.[1] The court reviewed the petition and found it to be essentially identical in its facts and claims as a previously action which this court considered and summarily dismissed. *See* <u>Kucera v. Terrell</u>, Case No. 06-3208-RDR, 2006 WL 2349620 (petition summarily dismissed August 11, 2006), *aff'd* (10th Cir. December 15, 2006). The court thus directed petitioner to show cause why the petition should not be dismissed for the same reasons stated in <u>Kucera</u>. Having reviewed petitioner's response, the court finds the petition should be dismissed.

The factual background to petitioner's claims is detailed in

---

[1] Petitioner filed this action while incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), and is currently incarcerated in a United States Penitentiary in Illinois (USP-Marion). The disciplinary action at issue occurred at FCI-Greenville, prior to petitioner's transfer to USPLVN. In a previous order entered in this case, the court incorrectly referred to the challenged disciplinary proceeding as occurring at USPLVN.

Kucera. Petitioner's claims center on the failure of the disciplinary hearing officer (DHO) to call the reporting officer (Correctional Officer Braye) and Assistant Chaplain Neese as witnesses at petitioner's disciplinary hearing, and the DHO's consideration of Braye's incident report.

The court finds the decisions entered by this court and the Tenth Circuit Court of Appeals in Kucera fully address petitioner's claims and find them as having no merit.  Accordingly, petitioner's claims that he was denied his right to confront witnesses at his disciplinary hearing, and that the hearing officer's use of the reporting officer's incident report violated Crawford v. Washington 541 U.S. 36 (2004), have no merit for the reasons stated in Kucera.

To the extent petitioner now asserts that he was handcuffed and physically unable to formally write in the names of his requested witnesses, this assertion provides no basis for habeas corpus relief.  Petitioner contends he made it abundantly clear through repeated verbal request that he wanted Officer Braye to be present at the disciplinary hearing.[2]  Even assuming the truth of this contention, it remains clear that petitioner sought Officer Braye's appearance for the purpose of confronting this witness to demonstrate the incident report was not factually accurate.  The limited procedural rights afforded petitioner in prison disciplinary proceedings do not include any such right to confrontation.

To the extent petitioner claims a Bureau of Prisons (BOP)

---

[2] Petitioner also contends he sought the appearance of Assistant Chaplain Neese, but the administrative documentation provided by petitioner does not reflect that petitioner appealed the denial of this witness.  Nor does petitioner's challenge to 28 C.F.R. § 541.17(c) reach this witness who was not the reporting officer.

regulation, 28 C.F.R. § 541.17, unlawfully excuses the reporting witness from witness from being called, the court finds no merit to this claim. This regulation provides that "[t]he reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO." 28 C.F.R. § 541.17(c). Petitioner argues this limitation infringes upon his right to call any witness with relevant information. Petitioner's characterization of his right to call witnesses at the disciplinary hearing is too sweeping.

Due process requires that an inmate faced with the revocation of good time credits be allowed to call witnesses in his defense, but the Supreme Court has recognized that the right to call witnesses at a prison disciplinary hearing is not unrestricted. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). There is no constitutional right to call a witness whose testimony would be redundant or irrelevant to the proceedings. *See e.g.*, Chesson v Jaquez, 986 F.2d 363, 366 (10th Cir. 1993)(officer's testimony properly disallowed where plaintiff failed to show how the testimony would have supported plaintiff's argument before the disciplinary committee).

In the present case, petitioner does not point to evidence Officer Braye would have offered in petitioner's defense. Instead, petitioner complains he was not allowed an opportunity to challenge and discredit the information provided in Braye's incident report. Petitioner's challenge to 28 C.F.R. § 541.17(c) as denying him a right to confrontation is rejected, because petitioner is not constitutionally entitled to that right in a prison disciplinary

3

hearing. The DHO's application of 28 C.F.R. § 541.17(c) to not call the reporting officer as a witness did not deprive petitioner of any available defense, and did not deny petitioner due process in the disciplinary proceeding.

Finding petitioner has not demonstrated that he is entitled to relief on any of claims, the court concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is dismissed, and all relief is denied.

DATED: This 23rd day of October 2007, at Topeka, Kansas.

      s/ Richard D. Rogers
      RICHARD D. ROGERS
      United States District Judge